TuRley, J.
delivered the opinion of the court.
John Smith executed his note to Hiram Findley, the defendant in error, for the sum of fifteen dollars, due on the 1st day of October, 1841, dischargeable in corn delivered at the farm of Joel Hinds, at the market price. 'Smith being about to leave the country, sold his crop to Wm. Campbell, the plaintiff in error, for about one hundred dollars; Campbell agreed with him, as a part consideration of the contract, to pay the note of fifteen dollars to Findley. At the time of the contract, the note was pledged to Benjamin F. Cummings; before it was redeemed Smith had left the country, and upon its being presented to Campbell for payment, it was refused, he alledging that he had settled with Smith before his departure.
Upon the trial below, the court charged the jury, “that if Campbell had agreed with Smith to pay the Findley debt, but afterwards, before any arrangement with Findley about it, had changed the contract, and paid Smith, he would not be liable to Findley, but if for the goods he got of Smith he was to pay Findley, and the contract stood unaltered, he still retaining the property, and never having paid the debt, he would be liable to Findley in this action.”
The question presented for the consideration of the court is, whether this charge is legally correct. Conceding to the defendant in error (Findley) the right to sue upon the contract made between Campbell and Smith, to which he was not privy and assenting, a question about which Mr. Chitty in his Treatise on Contracts, page 45, observes “there seems to be great difficulty,” yet the question arises, has this contract been entered into with such formalities as the law requires, so as to warrant an action at the suit of Findley. And we think it has not. This is a contract to pay a debt due from Smith to Findley, and''' is directly within the provisions of our Statute of Frauds and ^ Perjuries, which provides that “no action shall be brought upon i any special promise to answer for the debt, default or miscarriage of another, unless the promise or agreement, or some note or memorandum thereof shall be in writing, and signed by the 1 party to be charged therewith, or some other person by him *332 legally authorized.” Now if no debt had been due from Smith f to Findley, and Smith had made with Campbell an original contract of the kind specified, a question could not have arisen upon the Statute of Frauds and Perjuries, and the only one would» have been as to Findley’s right to sue thereon in his own name; but there being a debt due, the promise of Campbell is collateral, and this whether it be made to Smith for Findley’s benefit, orto Findley himself; if it were otherwise the statute of frauds would be a blank letter, and had as well be expunged from the statute book; the means of evading it being thus so obvious and easy. In the case of Arnold vs. Lyman, 19th Mass. 400, it was holden, “that if A. a debtor of B. convey property to C., who in consideration thereof, engages in writing to pay the debt to B., C. was liable to B. for the amount in an action of as-sumpsit.” The case would have been entirely different in principle, if Smith had given the money to Campbell to pay Findley or delivered to him the corn for the same purpose; in that case Campbell wotild have been Findley’s agent, and would have held the money as his bailee, and would have been responsible to him as such, and it is obvious that it was from taking this view of the case, or from the supposition that the payment of the consideration by Smith bound Campbell to the performance of the contract, that the circuit judge fell into the error in his charge. A promise to pay the debt of another, must, both in England and this country, be supported by a good consideration to make it obligatory; the only difference in the two, being that in England, from the use of the word “agreement” in the Statute of 29th Charles 2d, the consideration must be specified in writing as well as the promise, while here the use of the words “promise or agreement,” in our act of 1801, only makes it necessary that the promise should be in writing. Such being the construction upon the different meaning of the words promise and agreement, the word promise being considered to mean an engagement, without regard to an expressed consideration or corresponding duty of the other party, while the word agreement has been held to import a reciprocity of obligation. We are of opinion, therefore, that the judgment in this case is erroneous and must be reversed, and the case remanded for a new trial.